NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIANA DIMARE, | : | |
| Plaintiff, | : | Civ. No. 07-4268 (GEB) |
| v. | : | |
| METLIFE INSURANCE COMPANY, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Metlife Insurance Company's ("Metlife" or "Defendant")[1] Motion to Dismiss, in part, Diana DiMare's ("DiMare" or "Plaintiff") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion.

**I.    BACKGROUND**

DiMare joined Metlife as a financial associate in August, 1991 and held various positions there until February, 2006. (Compl. ¶ 3-5; Answer ¶ 3-5.) On or about February 8, 2006, Plaintiff began a medical leave of absence from Metlife. (Compl. ¶ 5; Answer ¶ 5.) In late

---

[1] Defendant asserts that it was improperly pleaded as "Metlife Insurance Company," when it should have been pleaded as " MetLife Group, Inc. (Notice of Removal at 1.) Plaintiff does not dispute this contention, which does not impact on the actions pending. The Court will refer to Defendant herein as Metlife.

January, 2007, pursuant to Defendant's internal policy, Plaintiff informed Defendant that she was ready to return to work.  Plaintiff's previous position, however, was no longer available.  (Compl. ¶ 9; Answer ¶ 9.)  According to Plaintiff, Defendant "notified [her] by phone that her job had been eliminated and that she would be terminated March 15, 2007."  (Compl. ¶ 9.)  Defendant denies this allegation, and avers that "Plaintiff was given a period of thirty (30) days (beginning on or about February 12, 2007 and ending on or about March 15, 2007) to secure another position with Defendant, and, if unsuccessful, she would be eligible for severance and other benefits under the 'MetLife Plan for Transition Assistance' for job elimination."  From early February, 2007, until March 15, 2007, Plaintiff was not paid a salary by Metlife, but instead utilized her outstanding "paid time off."  (Compl. ¶ 10; Answer ¶ 10.)  On March 15, 2007, Plaintiff's employment with Metlife was terminated.  (*Id.*)  The pleadings do not make clear what actions, if any, were taken by either party to secure DiMare a new position with Metlife.

On August 9, 2007, Plaintiff filed the instant Complaint against Metlife in New Jersey Superior Court.  (Notice of Removal.)  Metlife removed the action to this Court on September 7, 2007.[2]  Plaintiff's complaint levies seven counts against Metlife.  (Compl.)  Count I of the Complaint asserts that Metlife's actions constitute "unlawful employment discrimination based upon medical disability, gender, and reprisal" in violation of N.J.S.A. § 10:5-1 et seq., New Jersey's Law Against Discrimination ("NJLAD").  (Compl. Count I.)  The additional six counts of the complaint allege the following common law causes of action: breach of express contract (Compl. Count II.), breach of implied contract (Compl. Count III.), breach of the implied

---

[2]  Defendant's removal of this action is appropriate because this Court has concurrent subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties are citizens of different states and the amount in controversy exceeds $75,000.  (Notice of Removal.)

covenant of good faith and fair dealing (Compl. Count IV.), negligent infliction of emotional distress (Compl. Count V.), intentional infliction of emotional distress (Compl. Count VI.), and fraudulent misrepresentation. (Compl. Count VII.)

Metlife filed the instant Motion to Dismiss on October 8, 2007 and argues that the portion of the NJLAD claim contained in Count I of the Complaint that alleges "reprisal" should be dismissed.[3]  (Def.'s Mot. to Dismiss.)  Further, Metlife argues that the common law tort and contract claims in Counts II through VII of the Complaint should be dismissed because these claims: (1) are preempted by DiMare's NJLAD claims based upon gender and diability discrimination and (2) fail on their merits. (*Id.*)  DiMare opposes Metlife's motion and asserts that dismissal of any of her claims is inappropriate at this time. (Pl.'s Opp'n. Br.)

## II.    DISCUSSION

### A.    Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of

---

[3] Defendant does not move to dismiss the portion of Plaintiff's complaint that alleges gender and disability discrimination.

facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

  B. **Plaintiff's Reprisal Claim**

  In Count I of Plaintiff's Complaint, Plaintiff asserts in part that she was terminated by Metlife in reprisal for taking a medical leave of absence for cancer and "in reprisal for the Defendant's perceived posture that Plaintiff could not work because of her breast cancer." (Compl. Count I.) Defendant argues that Plaintiff's reprisal claim should be dismissed because Plaintiff has not made a *prima facie* showing of reprisal under the NJLAD. Defendant asserts that a medical leave of absence is not a protected activity under NJLAD. Even if it were, Defendant argues that Plaintiff failed to establish a causal link between her medical leave of absence and her dismissal from work. As such, Defendant argues that Plaintiff's NJLAD claim must be dismissed. (Def.'s Mot. Dismiss at 4-5.) The Court agrees.

  The reprisal provision of the NJLAD states that it will be an unlawful employment practice:

> For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

N.J.S.A. 10:5-12(d).  A *prima facie* reprisal claim made pursuant to N.J.S.A. 10:5-12(d) must establish the following:

> "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."

*Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. Pa. 2007).

Plaintiff fails to provide any persuasive authority to persuade the Court that a medical leave of absence is a protected activity under the NJLAD.  Moreover, Plaintiff fails to satisfy the third prong by pleading facts to demonstrate a causal relationship between her medical leave and her termination.  The Court is not persuaded by Plaintiff's argument that a causal connection may be *inferred* from the fact that Plaintiff took an approved medical leave, and was later informed by phone that her position had been terminated.  (*See* Pl's Opp'n. Br. at 4.)  Such an inference without more would require mere speculation into whether Plaintiff's termination was the result of a reprisal.  More is required for a reprisal claim to survive a motion to dismiss under N.J.S.A. 10:5-12(d).  *See Twombly*, 127 S.Ct. at 1965.  As such, this claim must be dismissed.

      **C.**    **Plaintiff's Common Law and Contract Claims**

Defendant asserts that Plaintiff's common law and contract claims in Counts II through VII of her Complaint are preempted by her claims under the NJLAD.  (Def.'s Mot. Dismiss at

11.) Plaintiff responds that her common law and contract claims are not preempted and proplerly supplement her NJLAD claims, thereby making dismissal of these claims inappropriate. (Pl.'s Opp'n. Br. at 4-6.)

Both New Jersey District Courts and New Jersey State Courts have held that the NJLAD bars common law discrimination claims. *See Catalane v. Gilian Instrument Corp.*, 271 N.J. Super. 476,(App. Div. 1994) (common law claims may not go to the jury when a statutory remedy is available under the LAD); *DeCapua v. Bell Atlantic-New Jersey, Inc.*, 313 N.J. Super. 110,(Law Div. 1988) ("Because plaintiff's common-law breach of contract claim duplicates his statutory claim under New Jersey's LAD, it is barred."); *Mardini v. Viking Freight*, Inc., 92 F.Supp.2d 378, 382-85 (D.N.J. 1999) (wrongful termination claim dismissed because it contained the same elements of LAD discrimination claim); *DeJoy v. Comcast Cable Communs.*, 941 F. Supp. 468, 476 (D.N.J. 1996) (plaintiff's common law public policy claim preempted by the LAD because it was no "different or broader" than LAD claim).

Courts have also held that a breach of contract claim that seeks damages for discriminatory acts on the basis of a statement in a policy manual is preempted by the LAD. *See DeCapua*, 313 N.J. Super. at 127; *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 567 (D.N.J. 2000).[4] Indeed Plaintiff's breach of contract claim (Count II) specifically relies on an alleged contract "via the MetLife Handbook." As such, this claim is preempted by the NJLAD

---

[4] The Court notes Plaintiff's reliance on *Mosley v. Bay Ship Mgmt., Inc.*, 174 F. Supp. 2d 192, 200-01 (D.N.J. 2000), which declined to find that the Plaintiff's breach of contract claims were preempted by the NJLAD. The Court finds *Mosley* less on point than *Decapua* and *Santiago* because the two latter cases specifically addressed an alleged contract stemming from an employee handbook.

and must be dismissed.

Plaintiff also asserts that Defendants breached an implied contract with Plaintiff by failing to "treat Plaintiff in a fair, equitable, and nondiscriminatory manner regarding her past health condition/or disability." (Compl. ¶ 23.) According to Plaintiff, this implied contract was based on "Defendant's conduct and treatment of other employees throughout the period within which the Plaintiff was employed by Defendants." The Court concludes that this broad and vague claim is also preempted by the NJLAD and must be dismissed because it is entirely duplicative of Plaintiff's NJLAD claim. *See Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 568 (D.N.J. 2000).

Plaintiff's claim in Count IV of the complaint alleging that Defendant breached an implied covenant of good faith and fair dealing must be dismissed for the same reasons. Plaintiff again alleges few facts (if any) to make out this claim, stating only that "[t]he implied nature of the covenant is based on Defendants' conduct in treatment of other employees and statements and representations througout the period within which Plaintiff was employed by Defendant." (Compl. ¶ 26.) Notwithstanding this claim's lack of specificity, it seeks to vindicate the same rights as Plaintiff's NJLAD claim and therefore must be dismissed as it is duplicative of that claim.

Plaintiff's claims alleging negligent and intentional infliction of emotional distress (Counts V and VI) are also preempted by the NJLAD. In Count V, Plaintiff without elaborating, merely states that Defendant "negligently and carelessly inflicted emotion[al] distress upon Plaintiff." Similarly, in Count VI, after reincorporating "the above paragraphs as if fully set forth herein," Plaintiff simply states that "Defendant's foregoing actions were extreme and

outrageous." These conclusory statements without more do not constitute any new allegations upon which Plaintiff can seek relief. Rather, Plaintiff is seeking to be compensated for the same wrongs alleged in Count I of the complaint for violations under the NJLAD. The Court further notes that claims made by employees against employers seeking damages due to the employer's negligence are barred because the New Jersey Workers Compensation Act provides the exclusive remedy for these wrongs. *See* N.J.S.A. 34:15-8; *Silvestre v. Bell Atl. Corp.*, 973 F. Supp. 475, 486 (D.N.J. 1997). In addition, Plaintiff does not even come close to alleging the type of extreme and outrageous behavior necessary to sustain a claim for intentional infliction of emotional distress. *See Buckley v. Trenton Sav. Fund Soc.*, 111 N.J. 355, 365-66 (1988). As such, Counts V and VI must be dismissed

     Count VII of Plaintiff's complaint asserts that Metlife is liable for fraudulent misrepresentation because it "misrepresented its intent to continue to gainfully employ Plaintiff in February 2006, with the intention/knowledge that Plaintiff would rely upon same." (Compl. Count VII.) Notwithstanding the broad language of this count of the complaint, the Court declines to dismiss this count, as it has counts II through VI, on NJLAD preemption grounds. This allegation is somewhat distinguished from the substance of Plaintiff's NJLAD claim. The Court must however dismiss this claim on for other reasons.

     Plaintiff's fraudulent misrepresentation claim utterly fails to allege the specific facts required to withstand a motion to dismiss. Federal Rule of Civil Procedure 9(b) requires that when pleading a cause of action for fraud, "'the circumstances constituting fraud … shall be stated with particularity." The only facts pled in Plaintiff's complaint to support Plaintiff's fraud claim was that "Defendant MetLife had expressly knowingly, intentionally, recklessly

8

and/or negligently misrepresented its intent to continue to gainfully employ Plaintiff . . . with the intention/knowledge that Plaintiff would rely upon same." (Compl. ¶ 32.) This conclusory allegation is insufficient to sustain a claim for fraud under the heightened pleading standard of Rule 9(b). *See Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 385 (D.N.J. 1999). As such, Plaintiff's claim under Count VII of her Complaint must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for partial dismissal of Plaintiff's complaint. An appropriate form of Order accompanies this Opinion.

Dated: May 30, 2008

                                               s/Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.